# Commonwealth *v.* Matter, Appellant.

*Constitutional law—Constitution of Pennsylvania, Article III,
Sec. 7, and Article I, Sec. 10—Local and special laws—Eminent
domain—Capitol park—Act of June 16, 1911, P. L. 1027—Statutes
—Advertisement — Validity — Affidavit of defense — Insufficient
averments.*

1. The Act of June 16, 1911, P. L. 1027, providing for the ap-
pointment of the Capitol Park Commission for the purpose of ob-

taining for the Commonwealth for park purposes such land as the commission may desire within certain boundaries, is not a local and special law in violation of Article III, Section 7, of the Constitution of Pennsylvania.

2. In an action of ejectment for land appropriated by the Capitol Park Commission under the Act of 1911, the affidavit of defense set up (1) that the act was invalid for the reason that it had not been advertised, although it appeared that it had passed both branches of the legislature, and had been approved by the governor; (2) that the act was a local and special law in violation of Article III, Section 7, of the Constitution; and (3) that the taking was in violation of Article I, Section 10, of the Constitution in that no compensation had been paid or secured for the land in question. The act made an appropriation of two million dollars for the purpose of carrying its provisions into effect, and provided that a writ of mandamus might issue for paying any judgment which an owner might recover against the Commonwealth for the taking of his land. There was no averment that the amount appropriated was insufficient to cover the value of the lands taken. The defendant had appeared before the commission in regard to the value of the land taken and his appeal from the valuation fixed by the commission was pending. *Held,* judgment was properly entered for the plaintiff for want of a sufficient affidavit of defense.

*Practice, Supreme Court—Paper books—Statement of questions involved—Assignments of error.*

3. Where the statement of questions involved occupies a whole page, there is a flagrant disregard of Rule 34 of the Supreme Court.

4. Assignments of error complaining of the judgment of the court below are defective where they fail to set out the judgment in totidem verbis.

Submitted Feb. 26, 1917. Appeal, No. 9, May T., 1917, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1916, No. 238, for plaintiff for want of a sufficient affidavit of defense, in case of Commonwealth of Pennsylvania v. H. Homer Matter. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Ejectment for the recovery of land in Dauphin County. McCARRELL, J., filed the following opinion, sur plain-

tiff's rule for judgment for want of a sufficient affidavit of defense:

This action is brought to obtain possession of certain real estate in the Eighth ward of the City of Harrisburg, known as No. 135 North Fourth street. This land lies within the park extension zone as defined in the Act of June 16, 1911, P. L. 1027. This act provides for the appointment of a Capitol Park Commission for the purpose of obtaining for the Commonwealth for park purposes such land as the commission may desire to take for the Commonwealth within the boundaries mentioned in the act. The commission is authorized as far as practicable to acquire by purchase the lands included within said boundaries upon such terms, price, or consideration as may be considered by it to be reasonable and can be agreed upon between it and the owners of lands. If unable to agree the commission is authorized to determine what land within said boundaries it will take for the use of the Commonwealth, to give notice to the owners or reputed owners of their intention to take the lands belonging to such owners, for at least sixty days, and then provides that after the giving of said notice for said time the commission shall enter upon and take possession of the lands, and declares that such entry and possession "shall vest in the Commonwealth the absolute title to the lands so entered upon."

The declaration in this case avers that under this act of assembly the commission being unable to agree with the defendant upon the price of the lands in question here, gave notice of its intention to take the said lands on December 28, 1915, and sixty days thereafter made entry of possession thereon. According to the terms of the act the title to the premises was vested absolutely in the Commonwealth when this action was taken. The affidavit of defense and the supplement thereto do not deny that this proceeding was had by the Capitol Park Extension Commission as stated, but contends that the act under which the commission has proceeded is local

and special and invalid, because not advertised. It was duly passed by both branches of the legislature and approved by the governor, and according to a long line of decisions in this State its validity cannot now be impeached because of any statement contained in the affidavits of defense. It must be conclusively presumed that everything was done that the law required to be done. Besides, we are not satisfied that the act is local or special legislation within the meaning of the constitutional provision. It expresses the determination of the Commonwealth to provide lands for the extension of its capitol park within certain boundaries and appoints a commission to make purchases, if the same can be done, and to obtain title otherwise in case an agreement as to price cannot be reached. The right of the Commonwealth to take land for this purpose cannot be questioned, and the method of obtaining title is not in violation of any constitutional provision. The affidavits of defense are quite voluminous and refer to many matters touching occurrences in connection with the passage of the act and concerning the conduct of individuals with respect thereto, but none of these matters in our opinion can be considered now. The act must be regarded as a valid statute of the Commonwealth, binding upon all its citizens and the Commonwealth as well. In the original affidavit of defense in support of defendant's allegation that the taking of this land is in violation of Article I, Section 10 of the Constitution, it is alleged that no compensation has either been made or secured for the lands in question here and that "to-day there is no fund in the State treasury to pay." The act, however, makes an appropriation of two million dollars for the purpose of carrying into effect its provisions and making payment for the lands directed to be acquired. In the present case the defendant had a hearing before the commission in regard to the value of the land described in this writ, and the commission fixed a valuation from which an appeal has been taken in due course by the defendant and which

appeal is now awaiting trial and should be promptly
heard. The second section of the act provides that in all
cases where the value of property is fixed by judgment
upon an appeal taken from the award of the commission,
that the court is authorized and empowered to issue a
writ of mandamus to the proper officer to secure the pay-
ment of such judgment. There is no averment in the
affidavit of defense that the amount appropriated as
aforesaid is insufficient to cover the value of the land de-
scribed in the writ when the same is ascertained upon
the pending appeal, and we regard the provisions con-
tained in the act appropriating the money and empower-
ing the issuing of a writ of mandamus for paying any
judgment recovered as a sufficient security for just com-
pensation for the taking of defendant's lands within the
meaning of the constitutional provision referred to. The
affidavits of defense allege that the dimensions of the
land taken by the Commonwealth are greater than are
set out in this writ. If upon the trial of the pending ap-
peal it is shown that the dimensions of the property are
not correctly stated, proof will be heard as to the exact
dimensions and the jury will be instructed to ascertain
the fair market value of all the lands owned by the de-
fendant which are taken by the commission for the use of
the Commonwealth.

We have carefully considered all the allegations of
the affidavits of defense. As already stated, there is no
denial of the procedure taken by the commission for the
purpose of obtaining title for the Commonwealth to the
lands described in the writ, and these proceedings ac-
cording to the statute vest the absolute title to the lands
in the Commonwealth of Pennsylvania. We are there-
fore of opinion that neither the original nor supplemen-
tal affidavit of defense discloses any sufficient answer to
the plaintiff's claim of title, and the Commonwealth is at
liberty to enter judgment in favor of the Commonwealth
and against the defendant for the lands described in the

1917.]    Assignment of Error—Opinion of the Court.

writ.  To this conclusion the defendant excepts, and at his request an exception is now sealed.

The court entered judgment for plaintiff for want of a sufficient affidavit of defense.  Defendant appealed.

*Error assigned* was the order of the court which was not set forth in totidem verbis.

The statement of question involved occupied an entire page.

*H. Homer Matter,* submitted for appellant.

*Joseph L. Kun,* Deputy Attorney General, and *Francis Shunk Brown,* Attorney General, submitted for appellee.

PER CURIAM, March 23, 1917:

This appeal ought to be quashed for flagrant disregard of our rules relating to the statement of questions involved and assignments of error, but, that there may be an end to the litigation, the judgment is affirmed on the opinion of the learned court below, in pursuance of which it was entered.